## WILLIAMS *v.* COOLEY.

Where a defendant was indicted for a felony, and upon his trial was convicted, but the jury convicting him recommended, under the provisions of the Penal Code, § 1036, that he be punished as for a misdemeanor, which recommendation was approved by the trial judge, the duty devolved upon the stenographer of the court who reported the case, under the Penal Code, § 981, to transcribe his stenographic notes of the evi-

dence and charge of the court and file the same in the office of the clerk of the court; and upon refusal so to do, the writ of mandamus, at the instance of the defendant, would lie to compel the performance of that duty.

Submitted July 18,—Decided November 16, 1906.

Petition for mandamus. Before Judge Kimsey. Habersham superior court. March 21, 1906.

Williams was indicted for assault with intent to murder, and was convicted of that offense, but the jury recommended that he be punished as for a misdemeanor, and the judge sentenced him as for a misdemeanor. At the trial the testimony was taken down in stenographic notes by the official court stenographer. The defendant, on moving for a new trial, demanded that the stenographer "transcribe his notes in said case into longhand and file the same" with the clerk of the court, for the defendant's "use in preparing a brief of the evidence in said case," and "to remain of file in said clerk's office as required by law, for the use in the future of [the defendant] or any citizen of the county." The stenographer refused to do this, unless paid for it by the defendant; the stenographer contending that it is not a part of his official duty to transcribe his notes into longhand when a defendant tried for a felony is convicted with a recommendation that he be punished as for a misdemeanor, and the recommendation is approved by the court. By petition for mandamus, in which he set out the foregoing facts, the defendant sought to compel the stenographer to transcribe into longhand his notes of the evidence. The judge refused to grant a mandamus nisi, and the petitioner excepted.

*J. C. Edwards* and *I. L. Oakes,* for plaintiff, cited: Penal Code, §§ 2, 981; Cobb's Dig. 841; *Ga. R.* 119/854; 93/775; 58/200; 39/-85; 8 A. & E. Enc.`L. (2d ed.) 280.

ATKINSON, J. The Penal Code, § 981, provides as follows: "On the trial of all felonies the presiding judge shall have the testimony taken down, and, when directed by the judge, the court reporter shall exactly and truly record, or take stenographic notes of, the testimony and proceedings in the case, except the argument of counsel. In the event of the jury returning a verdict of guilty, the testimony shall be entered on the minutes of the court, or in a book to be kept for that purpose." Under the provisions of that law it is the duty of court stenographers in all felony cases, where defendants have been convicted, to transcribe their notes and file the same

with the clerks of court for the purpose of going upon the minutes. Assault with intent to murder is a felony, and upon conviction the offense was rendered none the less a felony because, under the provisions of the Penal Code, § 1036, the jury trying the defendant saw fit to recommend that he be punished as for a misdemeanor, and the judge, regarding the recommendation, actually sentenced him as for a misdemeanor. Where one is placed on trial for a felony, it is the indictment that gives character to the charge against the accused, and determines whether the testimony shall be taken down. Under § 981, when the defendant is indicted for a felony, it is the duty of the court to require the stenographer to report the case. That section does not contemplate that the court shall await the termination of the case to determine whether or not it is a felony, and whether or not he must require it reported. The court sees by an inspection of the indictment that the case is a felony, and the trial proceeds under all the rules prescribed for the trial of felonies. He may be convicted of the offense charged or of a lesser offense, or acquitted, but, regardless of the result, it could not be said after the trial that the defendant had not been tried for a felony. The language of the code is, "On the trial of all felonies." It is evident that the court's duty on the trial of the case was to require it to be reported, because it was a felony. After reporting "the testimony and proceedings in the case, except the argument of counsel," the stenographer, upon one contingency only, is required to transcribe and furnish to the clerk his stenographic notes. What is that contingency? That the jury return a "verdict of guilty." Nothing further is required to create the contingency; and if it arises by the finding of a verdict of "guilty," no qualification of the verdict by way of recommendation to mercy can destroy the contingency.

In so construing § 981 we have not been unmindful of § 1036 of the same code. That section permits certain felonies (and among them assault with intent to murder) "on the recommendation of the jury trying the case, when such recommendation is approved by the judge presiding on the trial, . . [to] be punished as misdemeanors," and authorizes the judge trying the case, if he sees proper, in his punishment, to "reduce such felonies to misdemeanors." This section is one of a forgiving character and looks only to leniency to the defendant after trial and after his guilt has

been established. By this act it was never intended to dispense with any of the machinery of the law provided for the trial of the felony case. The legislature did not intend to dispense with any of the rules or procedure theretofore employed touching the trial of the accused. In so far as it affects the case now involved, the duties of the court stenographer are not different from those imposed upon him in any other felony cases where there is conviction without recommendation. He should transcribe his notes to be entered upon the minutes. His compensation should come from the county, just as he is paid for reducing the evidence to stenographic notes. If he refuses to transcribe and file notes, he can be compelled to do so by the writ of mandamus sued out by the defendant.

From what has been said, it follows that the judge committed error in refusing to sanction the petition.

*Judgment reversed. All the Justices concur.*